UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORIE POWELL,

        Plaintiff,        No. 11-cv-14771
                                    Hon. Gerald E. Rosen
vs.

CITY OF DEARBORN,

        Defendant.

_____/

## OPINION AND ORDER REGARDING THE PARTIES' MOTIONS

On October 6, 2011, Plaintiff filed this suit in Wayne County Circuit Court to challenge the validity of a proposed ballot measure that would have eliminated Dearborn's Civil Service Commission.[1]  Defendant removed the case to this Court on October 28, 2011.  The ballot measure was defeated in early November 2011, rendering this case moot.  At a conference held on November 14, 2011, Plaintiff conceded mootness and Defendant discussed the possibility of seeking sanctions pursuant to Rule

---

[1] The charter amendment stated: "The Dearborn Civil Service System as defined in Chapter 11 of the Dearborn City Charter was created before city employees formed 8 distinct labor unions to represent their interests in negotiating contracts that cover wages, benefits and work rules.  The provisions in these contracts take precedence over the Civil Service policies. Dearborn is one of the few Michigan cities that still has a Civil Service Commission.  If necessary, the City Council could create a Human Resources Commission by ordinance to oversee any employment issues for City employees.

Shall the Dearborn City Charter be amended to eliminate the Civil Service Commission by repealing Chapter 11?"

1

11. Plaintiff subsequently filed a motion to dismiss, and Defendant filed a motion for sanctions. The following opinion and order addresses both motions. Because the briefs and the record are sufficient for deciding the parties' motions, the Court will issue its decision without oral argument. E.D. Mich. LR 7.1(f)(2).

**A.    Dismissal is appropriate.**

Plaintiff has moved to dismiss her complaint because the challenged ballot measure was defeated, rendering the case moot. "The usual rule in federal cases is that an actual controversy must exist at all stages of appellate or certiorari review, and not simply at the date the action is initiated." *Roe v. Wade*, 410 U.S. 113, 125 (1973) (citations omitted). Plaintiff's complaint is moot because the defeat of the challenged ballot initiative neutralized the parties' dispute. Plaintiff's claims were premised on the ballot initiative and its purported impact. Having been defeated, the charter amendment cannot take effect. Defendant has opposed the motion to dismiss only insofar as it seeks consideration of its motion for sanctions. It is otherwise undisputed that the ballot initiative's defeat renders Plaintiff's complaint moot. *Id.* Dismissal of Plaintiff's complaint does not impact the Court's consideration of Defendant's Rule 11 motion. Accordingly, Plaintiff's motion to dismiss will be granted.

**B.    Sanctions are not warranted.**

Defendant has moved for sanctions under Rule 11, contending that each of Plaintiff's three claims lacked any reasonable legal or factual basis. Under Rule 11, each paper presented to the Court carries an implied certification that, to the best of the

2

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). More generally, "[i]n this circuit, the test for the imposition of Rule 11 sanctions [is] . . . whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (internal quotation marks and citations omitted). Whether sanctions should be granted is not to be determined in hindsight, but rather by examining counsel's conduct and reasonable beliefs at the time the pleading was filed. *Mann v. G & G Mfr., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available; whether counsel had to rely on a client for underlying factual information; and whether the pleading, motion, or

3

other paper was based on a plausible view of the law.  *See* Fed. R. Civ. P. 11 advisory committee notes.

Defendant argues that Plaintiff and Plaintiff's counsel should be sanctioned because the three counts contained in Plaintiff's complaint were entirely baseless. Plaintiff alleges that the charter amendment[2] -- which would have eliminated Dearborn's Civil Service Commission -- violated two provisions of Michigan law and constituted a bill of attainder in violation of the Constitution.  Plaintiff's first claim asserts that the proposed ballot initiative violates Mich. Comp. Laws § 117.21(3), which requires that proposed charter amendments be limited to one subject per proposal.  Mich. Comp. Laws § 117.21(3) ("[i]f the subject of a charter amendment includes more than [one] related proposition, each proposition shall be separately stated to afford an opportunity for an elector to vote for or against each proposition.").

Plaintiff rests this claim on text included as background to the proposed amendment.  The language relied upon states that "[i]f necessary, the City Council could create a Human Resources Commission by ordinance to oversee any employment issues

---

[2] As described previously, the charter amendment stated: "The Dearborn Civil Service System as defined in Chapter 11 of the Dearborn City Charter was created before city employees formed 8 distinct labor unions to represent their interests in negotiating contracts that cover wages, benefits and work rules.  The provisions in these contracts take precedence over the Civil Service policies. Dearborn is one of the few Michigan cities that still has a Civil Service Commission.  If necessary, the City Council could create a Human Resources Commission by ordinance to oversee any employment issues for City employees.

Shall the Dearborn City Charter be amended to eliminate the Civil Service Commission by repealing Chapter 11?"

4

for City employees." Plaintiff argues that this language constitutes a second ballot initiative, thereby contravening Mich. Comp. Laws § 117.21(3). Contrary to Plaintiff's assertion, however, this descriptive text does not constitute a second proposal. The challenged amendment is solely concerned with eliminating the Dearborn Civil Service Commission. The Human Resources Commission language does not constitute a "proposition" because it was not a question put to voters; it was not offered for acceptance or rejection. Not even a strained reading of the proposed amendment supports Plaintiff's position. The language used in explaining the amendment is informative and conditional. It states that a Human Resources Commission <u>could</u> be created, not that such a commission <u>would</u> be created. This much should have been clear from the outset of litigation.

Further, Plaintiff appears to acknowledge this fact: Plaintiff's complaint categorizes the charter amendment as (1) "ask[ing] voters to eliminate the Civil Service Commission" while (2) "leav[ing] open the question as to whether there should be a new Human Resources Commission to replace the Civil Service Commission." Describing the charter amendment as leaving open a subsequent question clearly demonstrates Plaintiff's understanding that the amendment at issue contained only one proposal. It thus appears that Plaintiff did not have a reasonable basis for asserting this claim. Fed. R. Civ. P. 11(b)(2)-(3) (requiring a basis in existing law or a nonfrivolous argument for changing the law, as well as evidentiary support). As such, the Court concludes that the

5

proffer of this claim was unreasonable under the circumstances. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

Plaintiff's second cause of action asserted that the proposed charter amendment did not consist of a "true and impartial statement of the purpose of the amendment or question in language that does not create prejudice for or against the amendment or question." Mich. Comp. Laws § 117.21(2). This second claim was not unreasonable under the circumstances because Plaintiff has put forth colorable arguments regarding the completeness and objectivity of the charter amendment language. *See* Fed. R. Civ. P. 11(b).

Defendant contends that this claim was unreasonable under the circumstances because the Michigan Attorney General approved the amendment language, in accord with the controlling statute. Mich. Comp. Laws § 117.21(2) ("The text of the statement shall be submitted to the attorney general for approval as to compliance with this requirement before being printed."). However, approval by Michigan's Attorney General is not dispositive of the charter amendment's compliance with § 117.21(2). That is a question more appropriately reserved for a court. Plaintiff's complaint contains a number of reasonable arguments in support of her position, and the language at issue is susceptible of more than one interpretation. It cannot be said that Plaintiff lacked a reasonable basis for asserting this claim. As such, Plaintiff's second cause of action does not warrant sanctions: asserting this claim was reasonable under the circumstances. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

Plaintiff's third claim alleges that the proposed charter amendment constituted a bill of attainder in contravention of the U.S. Constitution. U.S. Const. Art. I, § 10, cl. 1. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 846-47 (1984). "The Bill of Attainder Clause is a 'safeguard against legislative exercise of the judicial function, or more simply -- trial by legislature.'" *Zilich v. Longo*, 34 F.3d 359, 362 (6th Cir. 1994) (quoting *Song v. Elyria*, 985 F.2d 840, 844 (6th Cir. 1993)). *See also Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 468 (1977).

In *Zilich*, the Sixth Circuit faced a bill of attainder claim put forth by a former city council member after the newly-constituted city council passed a resolution authorizing an official to seek recovery of the salary he received while in office. The former city council member claimed that this legislative act constituted a bill of attainder. The court, however, rejected this assertion for several reasons, the first of which was the ordinance's contingent nature. Namely, "[t]he ordinance [did] not purport to confiscate or take title to any of Zilich's property. Whether the city actually recovers will depend entirely on a court judgment, not on a legislative usurpation of the judicial power to adjudicate an individual dispute." *Id.* The court consequently held that "no feature of the challenged Act falls within the historical meaning of legislative punishment." *Nixon*, 433 U.S. at 475 (quoted in *Zilich*, 34 F.3d at 362).

The same is true by analogy here. *Zilich*, 34 F.3d at 362 ("the city council merely passed an ordinance authorizing the law director to go to court in order to recover amounts it considers illegally received by the plaintiff."). While the City of Dearborn acted legislatively in putting the charter amendment on the ballot, the amendment's ultimate fate was in the hands of voters. In other words, the proposed charter amendment was a contingent act. Therefore, to the extent elimination the Dearborn Civil Service Commission might otherwise meet the test for a bill of attainder -- a question the Court does not reach here -- the legislature merely authorized the Civil Service Commission's elimination. Because the question was put to voters, "no feature of the challenged Act falls within the historical meaning of legislative punishment." *Nixon*, 433 U.S. at 475 (quoted in *Zilich*, 34 F.3d at 362).

While it appears Plaintiff did not have a particularly strong argument to make, it cannot be said that the zealous advocacy of Plaintiff's attorney warrants sanctions. *See* Fed. R. Civ. P. 11 advisory committee notes. This case was resolved at a very early stage. As a result, Plaintiff never had the opportunity to expound upon her position. Her argumentation may well have included a good faith contention supporting her position and distinguishing the *Zilich* precedent discussed above. Moreover, the plausibility of Plaintiff's claim, viewed in retrospect, does not determine whether sanctions are appropriate. *Mann v. G & G Mfr., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). Therefore, the Court concludes that Plaintiff's third claim was not unreasonable under the

8

circumstances so as to warrant sanctions. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

While the Court holds that Count I of Plaintiff's complaint was unreasonable under the circumstances, most cases where sanctions were imposed generally involved far more egregious conduct than that complained of here. For instance, in *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746 (E.D. Mich. 2005), sanctions were imposed on plaintiff and its counsel when they failed to dismiss the case after a lengthy discovery period, extended on two separate occasions, failed to disclose any support for their claims. 354 F. Supp. 2d. at 748. No discovery had occurred here, and the case is being dismissed as moot early in the proceedings. Likewise, in *Haisha v. Country Wide Bank, FSB*, No. 11-11276, 2011 WL 3268104 (E.D. Mich. 2011), the court grounded its sanctions on finding that (1) the complaint was fraught with significant factual inaccuracies, one of which implied fraud upon the court; (2) a majority of the counts lacked any legal foundation; and (3) many of the same claims had been repeatedly dismissed in Michigan courts thereby putting counsel on notice that they lacked legal support. 2011 WL 3268104 at *4. No such conduct is present here.

While Plaintiff proffered claims that were tenuous, this lawsuit does not amount to the sort of "press forward at all costs" litigation that Rule 11 is intended to deter. *B & H Med., L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746, 750 (E.D. Mich. 2005). It is not *per se* unreasonable for a lawyer to zealously advocate for his client in the face of countervailing evidence. The amendments to Rule 11 explicitly state that the Rule is not

intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.  *See* Fed. R. Civ. P. 11 advisory committee notes; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1334 (3d ed.).  Here, the single claim deemed by the Court to be unreasonable under the circumstances did not contribute significantly to this litigation or Defendant's efforts opposing it.  For these reasons, no sanction is warranted.

## CONCLUSION

For the reasons stated in this opinion, the Court finds that Plaintiff's claims are moot and that sanctions are not warranted.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motions to dismiss [Dkt. #5 & #7] are GRANTED.

IT IS FURTHER ORDERED that Defendant's motion for sanctions [Dkt. #10] is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137

10